IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICKY O. HARMON                                                                    PLAINTIFF

v.                                    CIVIL NO. 14-5356

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Ricky O. Harmon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.       Procedural Background:**

Plaintiff protectively filed his current application for DIB on July 22, 2012,[1] alleging an inability to work since January 17, 2011, due to severe back pain, and leg pain and numbness. (Tr. 44, 142, 235). An administrative video hearing was held on July 16, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 22-42).

In a written decision dated September 19, 2013, the ALJ found Plaintiff was not disabled prior to December 6, 2012, but that Plaintiff became disabled on that date and

---

[1] The Court notes that both the application and Plaintiff's Pre-Hearing memorandum indicate that Plaintiff applied for benefits on September 12, 2012. (Tr. 140, 142, 235). There is a Disability Report that indicates Plaintiff's protective filing date is July 22, 2012. (Tr. 235).

1

remained disabled through the date of the decision. (Tr. 11). The ALJ found since the alleged onset date of disability, January 17, 2011, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairment: degenerative disc disease. However, after reviewing all of the evidence presented, the ALJ determined that since the alleged onset date, Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found that prior to December 6, 2012, the date Plaintiff became disabled, Plaintiff maintained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except he could occasionally climb, balance, crawl, kneel, stoop, and crouch.

(Tr. 14). With the help of a vocational expert, the ALJ determined that prior to December 6, 2012, Plaintiff could perform his part relevant Work as a teacher/assistant principal. (Tr. 16). The ALJ found that as of December 6, 2012, Plaintiff became disabled, and continued to be disabled through the date of the decision. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 25, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform light work with only occasional climbing, balancing, crawling, kneeling, stooping, and crouching.  After reviewing the record, the Court finds that the ALJ failed to properly address the limitations set

4

forth by Plaintiff's surgeon, Dr. James B. Blankenship.  On October 20, 2011, Dr. Blankenship opined as follows:

> …I will place a permanent weight-lifting restriction on him of 20 pounds.  The gentleman should not sit for any prolonged periods of time without the ability of getting up to stretch. He also should not stand for prolonged periods of time without the ability to rest.  No twisting or bending at the waist should be performed…

(Tr. 462).  While the RFC determined by the ALJ did limit Plaintiff to lifting no more than 20 pounds, the ALJ failed to address the remaining permanent limitations placed upon Plaintiff by Dr. Blankenship in October of 2011.  As Dr. Blankenship was the surgeon that performed Plaintiff's back surgery, and he continued to treat Plaintiff throughout the relevant time period, the ALJ should have discussed these permanent restrictions.  After reviewing the record, the Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's alleged physical impairments.

On remand, the ALJ is directed to address Dr. Blankenship's permanent restrictions and to state the weight given to this evidence.  If necessary, the ALJ may direct interrogatories to Dr. Blankenship requesting that he review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

5

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 17th day of November, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE